UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY ANTHONY WOODS,

        Petitioner,                  Case No. 1:12-cv-672

v.                                           Honorable Paul L. Maloney

WILLIE O. SMITH,

        Respondent.
_____/

**MEMORANDUM OPINION AND ORDER**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. After undertaking its review, Court concludes that it is unclear whether Petitioner has exhausted available state-court remedies with respect to ground IV of the petition. Therefore, the Court will order Petitioner to submit evidence of exhaustion, as set forth below.

        I.        Background

In July 2009, after a jury trial in Kent County Circuit Court, Petitioner was convicted of possession of a firearm by a felon, Mich. Comp. Laws § 750.224f, possession with intent to deliver less than 50 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv), and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. In April 2010, after granting a motion for resentencing, the court sentenced him to concurrent prison terms of 2 years and

8 months to 30 years for the felon-in-possession conviction and 2 years and 8 months to 40 years for the cocaine conviction. The state court also sentenced him to a 2-year term for the felony-firearm conviction, to run consecutively to the other sentences.

Petitioner appealed his convictions as of right to the Michigan Court of Appeals and to the Michigan Supreme Court, raising the following claims:

> 1. The evidence did not support defendant's conviction for Possession of a Firearm during the commission of a felony; 2. Defendant was the victim of an "Invalid" Search and Seizure; 3. Defendant's right to confrontation was violated because because the star witness Pamela Spencer did not testify at either the Preliminary Examination or trial; and 4. Defendant was not accorded the adequate assistance of trial or appellate counsel[.]

(Pet., docket #1, Page ID##2-3.) Those courts denied his appeals on December 28, 2010 and June 28, 2011, respectively.

Sometime before May 22, 2012, Petitioner filed a motion for relief from judgment in Kent County Circuit Court under subchapter 6.500 of the Michigan Court Rules, claiming that he received inadequate assistance of trial and appellate counsel. (*See* Pet., docket #1, Page ID#4.) The court denied his motion on May 22, 2012, and it appears that Petitioner has not appealed that decision.

Petitioner filed his application for relief under § 2254 on or around June 27, 2012, raising the following grounds for relief:

> I.  A RATIONAL JURY COULD NOT CONCLUDE BEYOND A REASONABLE DOUBT THAT [PETITIONER] HAD REASONABLE ACCESS TO, AND THUS POSSESSED, A FIREARM DURING THE COMMISSION OF A FELONY.
>
> II. [PETITIONER'S] CONVICTION WAS THE RESULT OF AN ILLEGAL SEARCH AND SEIZURE.
>
> III. [PETITIONER'S] SIXTH AMENDMENT RIGHT[] TO

>   CONFRONTATION WAS VIOLATED BECAUSE THE PROSECUTION'S STAR WITNESS (PAMELA SPENCER) DID NOT TESTIFY AT EITHER THE PRELIMINARY EXAMINATION OR HIS TRIAL.
>
> IV. [PETITIONER] WAS NOT GIVEN THE ADEQUATE ASSISTANCE OF TRIAL OR APPELLATE COUNSEL IN FULFILLMENT OF HIS CONSTITUTIONAL RIGHTS.

(Pet., docket #1, Page ID##8-9.)

##      II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Based on Petitioner's submissions to the Court, it is not clear whether he has

exhausted available state remedies with respect to all of the issues raised in the petition. Petitioner expressly states that he raised grounds I and II on appeal from his conviction, and based on the descriptions of his claims, it appears that he also raised ground III on direct appeal. However, he does not expressly indicate whether he raised all of the issues in ground IV on appeal, and it is not clear from his descriptions of his claims whether he did so. Ground IV concerns ineffective assistance of trial and appellate counsel. Petitioner contends that he raised at least one claim regarding ineffective assistance of trial and appellate counsel on direct appeal, though the content of that claim is not specified. Petitioner also raised ineffective-assistance claims in a motion for relief from judgment, though it is not clear whether that motion raised new issues that were not presented on direct appeal.

To the extent that the petition relies on claims raised for the first time in the motion for relief from judgment, Petitioner has not exhausted those claims. Moreover, it appears that Petitioner can still exhaust them by appealing the decision denying his motion from relief from judgment. Under Michigan law, he has six months from the date that his motion was denied (*i.e.*, until approximately November 22, 2012) to file a delayed application for leave to appeal. *See* Mich. Ct. R. 7.205(F)(3).

Therefore, the Court will order Petitioner to demonstrate whether he has exhausted available state remedies with respect to ground IV. Accordingly,

IT IS ORDERED THAT Petitioner shall, within **14 days of the date of entry of this order**, submit to the Court a copy of: (1) all briefs that he or his counsel submitted to the Michigan Court of Appeals or to the Michigan Supreme Court on appeal from his criminal conviction; and (2) a copy of the motion for relief from judgment (and brief in support) that he filed in Kent County Circuit Court.

       Failure to comply with the Court's order may result in dismissal of this action without prejudice.


Dated:   October 4, 2012              /s/  Joseph G. Scoville
                                            United States Magistrate Judge