UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY ANTHONY WOODS,

                    Petitioner,                    Case No. 1:12-cv-672

v.                                        Honorable Paul L. Maloney

WILLIE O. SMITH,

                    Respondent.

_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.      <u>Factual allegations</u>

In July 2009, after a jury trial in Kent County Circuit Court, Petitioner was convicted of possession of a firearm by a felon, Mich. Comp. Laws § 750.224f, possession with intent to deliver less than 50 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv), and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. In April 2010, after granting a motion for resentencing, the court sentenced him to concurrent prison terms of 2 years and 8 months to 30 years for the felon-in-possession conviction and 2 years and 8 months to 40 years for the cocaine conviction. The state court also sentenced him to a 2-year term for the felony-firearm conviction, to run consecutively to the other sentences.

Petitioner appealed his convictions as of right to the Michigan Court of Appeals and to the Michigan Supreme Court, raising the following claims:

> 1. The evidence did not support defendant's conviction for Possession of a Firearm during the commission of a felony; 2. Defendant was the victim of an "Invalid" Search and Seizure; 3. Defendant's right to confrontation was violated because the star witness Pamela Spencer did not testify at either the Preliminary Examination or trial; and 4. Defendant was not accorded the adequate assistance of trial or appellate counsel[.]

(Pet., docket #1, Page ID##2-3.) Those courts denied his appeals on December 28, 2010 and June 28, 2011, respectively.

Some time before May 22, 2012, Petitioner filed a motion for relief from judgment in Kent County Circuit Court under subchapter 6.500 of the Michigan Court Rules, claiming that he received inadequate assistance of trial and appellate counsel. (*See* Pet., docket #1, Page ID#4.) The court denied his motion on May 22, 2012, and it appears that Petitioner has not appealed that decision.

Petitioner filed his application for relief under § 2254 on or around June 27, 2012, raising the following grounds for relief:

I.      A RATIONAL JURY COULD NOT CONCLUDE BEYOND A REASONABLE DOUBT THAT [PETITIONER] HAD REASONABLE ACCESS TO, AND THUS POSSESSED, A FIREARM DURING THE COMMISSION OF A FELONY.

II.     [PETITIONER'S] CONVICTION WAS THE RESULT OF AN ILLEGAL SEARCH AND SEIZURE.

III.    [PETITIONER'S] SIXTH AMENDMENT RIGHT[] TO CONFRONTATION WAS VIOLATED BECAUSE THE PROSECUTION'S STAR WITNESS (PAMELA SPENCER) DID NOT TESTIFY AT EITHER THE PRELIMINARY EXAMINATION OR HIS TRIAL.

IV.     [PETITIONER] WAS NOT GIVEN THE ADEQUATE ASSISTANCE OF TRIAL OR APPELLATE COUNSEL IN FULFILLMENT OF HIS CONSTITUTIONAL RIGHTS.

(Pet., docket #1, Page ID##8-9.)

II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve

-3-

any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254©.

On October 4, 2012, after reviewing the petition, the Court entered a memorandum opinion and order requiring Petitioner to produce copies of his briefs that he filed on appeal and in support of his motion for relief from judgment, because it was unclear from his petition whether all of his claims had been exhausted. Moreover, it appeared that he still had an opportunity exhaust some claims by appealing the denial of his motion for relief from judgment to the Michigan Court of Appeals and to the Michigan Supreme Court.

In response to the Court's order, Petitioner filed a motion to hold these proceedings in abeyance (docket #3). In his motion, he acknowledges that his petition contains one claim that is not fully exhausted (ground IV), and he requests that the Court stay these proceedings while he returns to state court to exhaust this claim.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations  period is not tolled

-4-

during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to pursue post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.  *Palmer*, 276 F.3d at 721; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1]

Petitioner's application under § 2254 is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year  limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  The Michigan Supreme Court affirmed his conviction by denying leave to appeal on June 28, 2011.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on Monday, September 26, 2011.  Accordingly, absent tolling, the one-year statute of limitations would have expired on September 26, 2012.

---

[1]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2).

However, Petitioner's motion for relief from judgment extended his deadline under § 2244(d) by tolling the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Moreover, if Petitioner files an appeal from the motion from relief from judgment, the statute of limitations will continue to be tolled for as long as his appellate proceedings remain pending. *See Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); s*ee also Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003) (applying *Carey* to a delayed appeal from a decision denying a motion for relief from judgment in Michigan court).

Petitioner does not indicate when he filed his motion for relief from judgment, but he could not have filed it any later than May 22, 2012, the date on which it was denied by the trial court. Assuming that he filed it on or before that date, the statute of limitations was tolled when there were at least 127 days remaining in the limitations period. Thus, if he diligently pursues his appeals to the Michigan Court of Appeals and the Michigan Supreme Court, he will have at least 127 days after the Michigan Supreme Court issues its decision in which to file a new petition in this Court containing only exhausted claims. In other words, Petitioner has ample time to pursue an appeal from his motion for relief from judgment and then return to this Court when those proceedings are complete, without running afoul of the statute of limitations. Consequently, a stay of these proceedings is not warranted, and this action will be dismissed without prejudice. Should Petitioner decide *not* to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will deny Petitioner's motion for a stay (docket #7) and will dismiss the petition without prejudice for failure to exhaust available state-court

remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

-7-

This Court denied Petitioner's application on the procedural ground of lack of exhaustion.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:    October 26, 2012                              /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        Chief United States District Judge